IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CHRIS G. METCALFE and,<br>MAUREEN METCALFE | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 6:15-cv-03096-MDH<br>) |
| STATE FARM FIRE AND CASUALTY, | )<br>) |
| Defendant. | ) |

## **ORDER**

Before the Court is Defendant State Farm's Motion to Dismiss (Doc. No. 4). Plaintiffs requested an extension of time to file a response to Defendant's pending motion. The Court granted Plaintiffs' request for an extension. However, the extension of time granted to file a response to Defendant's pending Motion has expired and Plaintiffs did not file a response. Therefore, the Motion is now ripe for review.

In addition, Plaintiffs have also filed a second Motion for a Court Appointed Attorney. (Doc. No. 14). As the Court previously stated, a civil litigant has no constitutional or statutory right to court appointed counsel. (See Doc. No. 8 – Order dated March, 17, 2015). Plaintiffs' current motion states, Mr. Jason Coatney "which I have worked with, and has looked at the case, has withdrawn…" However, Mr. Coatney has never entered an appearance in this matter. While Plaintiffs suggest they have been unable to find a replacement "at this late hour," the Plaintiffs initiated this matter, pro se, on March 3, 2015. On March 17, 2015, the Court denied their request for appointment of counsel and allowed Plaintiffs to proceed in forma pauperis. The Court also granted Plaintiffs' previous request for an extension of time to seek counsel. The Court ordered Plaintiffs to respond to Defendant's Motion to Dismiss by May 18, 2015. As

1

stated above, Plaintiffs have failed to do so.  Plaintiffs' current Motion for a Court appointed attorney does not provide any new or additional evidence or argument to justify the appointment of legal counsel in this case.  Therefore, Plaintiffs' Motion for a Court Appointed Attorney (Doc. No. 14) is **DENIED.**

Defendant's Motion to Dismiss argues Plaintiffs' case should be dismissed because this Court lacks subject matter jurisdiction over Plaintiffs' claims.[1]  A review of Plaintiffs' pro se Complaint reflects a cause of action for the alleged failure of State Farm to pay a claim made by the Plaintiffs under their State Farm insurance policy.  Specifically, Plaintiffs allege a "loss [of] $60,000 in tools insured by State Farm."  Plaintiffs further allege State Farm failed to pay their claim and as a result seek $60,000 for their loss of tools, plus interest at 9% for 6 years ($32,400), constructive fraud, attempted fraud and punitive damages in the amount of $1,000,000.00 for stress.  Plaintiffs further allege State Farm did not act in good faith to settle their claim.

Defendant argues federal jurisdiction is lacking under 28 U.S.C. § 1332 because the amount in controversy does not meet the statutory requirement for federal jurisdiction.[2]  While Plaintiffs' pro se Complaint does not address jurisdiction, Plaintiffs' civil cover sheet indicates the case was "removed from state court."  As noted above, the matter filed in the Circuit Court of Greene County, Missouri was dismissed without prejudice.  Further, this case was not filed under the proper removal procedure.  Nonetheless, the Court reviews the pro se Complaint's allegations to determine if federal jurisdiction exists.

---

[1] Defendant also argues that the case should be dismissed because a lawsuit is pending in Greene County, Missouri alleging the same cause of action.  However, Plaintiffs dismissed their state court case, without prejudice, on March 12, 2015 (a week after Defendant filed its Motion to Dismiss).  Therefore, the Court finds this argument is now moot and will not address it in this Order.

[2] Defendant further notes the pro se Complaint does not involve a federal question.

Here, the issue raised is whether subject matter jurisdiction exists based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal district courts shall have jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1); *Scottsdale Ins. Co. v. Universal Crop Protection Alliance, L.L.C.*, 620 F.3d 926, 931 (8th Cir. 2010).

Defendant does not challenge diversity of citizenship in its pending motion, therefore, the Court analyzes whether the amount in controversy requirement of § 1332 has been met. "If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence." *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002).

Defendant argues that Plaintiffs' claims are less than $75,000, exclusive of interest and costs, because their alleged loss under the insurance policy is $60,000. Defendant further argues the "Metcalfe's claim for punitive damages is improper and cannot serve as the basis for satisfying the amount in controversy." This Court agrees. As more fully explained below, Plaintiffs' pro se Complaint does not properly plead a claim for punitive damages based on their insurance claim and cannot serve as the basis for the jurisdictional amount. However, the Court notes Plaintiffs' pro se Complaint does allege that State Farm did not act in good faith to settle the claim. This Court construes Plaintiffs' pro se Complaint in a light most favorable to Plaintiffs in analyzing Defendant's Motion to Dismiss.

In Missouri, R.S.Mo 375.420, states:

> in any action against any insurance company to recover the amount of any loss under a policy … if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred

3

> dollars of the loss, and ten percent of the amount of the loss in excess of the fifteen hundred dollars and a reasonable attorney's fee…

RS.Mo. 375.420.

Here, Plaintiffs claim a loss of $60,000 under their insurance contract. Even if Plaintiffs could submit a claim for vexatious refusal to pay, the damages allowed by Missouri statute would be a maximum of $6,150, in addition to their $60,000 claim.[3] Therefore, Plaintiffs' claim would total $66,150 under a "refusal to pay" claim which is below the $75,000 jurisdictional amount. Further, 28 U.S.C. § 1332 states the sum or value must be $75,000 exclusive of interest. As a result, Plaintiffs' claims based on interest do not meet the jurisdictional requirement. Plaintiffs have failed to establish jurisdiction by a preponderance of evidence.

Defendant's Motion to Dismiss also argues Plaintiffs have failed to state a claim upon which relief can be granted. Specifically, Defendant argues Plaintiffs' claim constitutes a breach of contract for the alleged coverage under the insurance policy. Defendant argues that Plaintiffs are therefore limited to the policy benefit and any remedy is based on the law of contract, and the enhancements provided by Missouri statute (as set forth above). Defendant argues Plaintiffs' claim for bad faith refusal or punitive or exemplary damages should therefore be dismissed pursuant to *Overcast v. Billings Mut. Ins. Co.,* 11 S.W.3d 62, 67 (Mo. banc. 2000).

The Eighth Circuit has stated, "In Missouri, recovery 'by the insured against the insurance company for the policy benefit ... is limited to that provided by the law of contract plus, if section 375.420 applies, the enhancements provided by the statute.' See *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 68 (Mo. banc 2000). '[A]n insurance company's denial of coverage itself is actionable only as a breach of contract and, where appropriate, a claim for

---

[3] If Plaintiffs could succeed on this claim, they would be allowed to recover 20% of $1,500, or $300 and 10% of the remaining $58,500 or $5,850 for a total of $6,150 additional dollars under the statute.

vexatious refusal to pay.' *Id.* at 69." *Wood v. Foremost Ins. Co.,* 477 F.3d 1027, 1029 (8th Cir. 2007)

After a careful review of Plaintiffs' pro se Complaint, and the record before the Court, the Court **GRANTS** Defendant's Motion to Dismiss. Plaintiffs have failed to establish federal jurisdiction as currently pled in their pro se Complaint.

**WHEREFORE,** the Court dismisses Plaintiffs' pro se Complaint, without prejudice, for failure to plead a claim that falls under the federal jurisdiction of this Court.

**IT IS SO ORDERED.**

Dated: June 1, 2015                     */s/ Douglas Harpool*
                                        **DOUGLAS HARPOOL**
                                        **UNITED STATES DISTRICT JUDGE**